UNITED STATES DISTRICT COURT
NORTHERN DISTIRCT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DEBRA SHINKLE, | ) | |
| | ) | Case No.: 2:20-cv-474 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | Jury Demand Endorsed Hereon |
| PROFESSIONAL ACCOUNT | ) | |
| SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

*NOW COMES* the Plaintiff, DEBRA SHINKLE, by and through her attorney, Tramel R. Raggs of Harris Law Firm, P.C., complaining of the Defendant, PROFESSIONAL ACCOUNT SERVICES, INC., as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action for damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* ("FDCPA") and violations of the Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5 *et seq* ("IDCSA").

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 (FDCPA) and 28 U.S.C. §§ 1331, 1337, as this action arises under the laws of the United States. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1367 over the state law claim, as the actions involved form part of the same case or controversy as the federal claim.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

PARTIES

4. Debra Shinkle is a natural person who resides in the Northern District of Indiana.

5. Debra Shinkle is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Debra Shinkle is a "person" as defined by the IDCSA, Ind. Code § 24-5-0.5-2(a)(2).

7. Professional Account Services, Inc. ("PASI") is a for-profit corporation incorporated within and having its principle place of business in the State of Tennessee.

8. At all times relevant, PASI was actively doing business within and subject to laws and jurisdiction of the State of Indiana.

9. PASI is a "debt collector" as defined by 15 U.S.C. § 1692a(5) because it used the mails in a business the principle purpose of which was the collection of debts.

10. PASI was a "supplier" as defined by Ind. Code § 24-5-0.5-2(a)(3)(B) because it was a debt collector.

FACTS SUPPORTING CAUSE OF ACTION

11. On August 27, 2019, Debra Shinkle sought medical services from Porter Hospital in Valparaiso, Indiana.

12. As a result of the medical services provided, Debra Shinkle incurred a balance due with Porter Hospital in the amount of five hundred sixty-five and 68/100 dollars ($565.68) under Account 6552136.

13. On November 20, 2019, Debra Shinkle tendered to Porter Hospital one hundred and 00/100 dollars ($100.00) to pay towards the outstanding debt of Account 6552136. See Exhibit A, a true and accurate copy of the payment to Porter Hospital from the bank records of Debra Shinkle.

14. As a result of this payment, Debra Shinkle owed an outstanding balance to Porter Hospital of four hundred sixty-five and 68/100 dollars ($465.68) as of November 20, 2019.

15. On December 26, 2019, PASI generated a collection notice and sent it to Debra Shinkle at her Indiana residence in an attempt to collect an alleged outstanding debt of five hundred sixty-five and 68/100 dollars ($565.68) to Porter Hospital for services rendered on August 27, 2019. See Exhibit B, a true and accurate copy of Collection Notice from PASI to Debra Shinkle.

16. At the time this notice was generated and sent, Debra Shinkle did not owe Porter Hospital an outstanding debt of five hundred sixty-five and 68/100 dollars ($565.68) for services rendered on August 27, 2019, as that amount was partially paid on November 20, 2019.

## GROUNDS FOR RELIEF

### Count I
### Violation of the FDCPA with regards to the December 26, 2019 Collection Notice

17. All prior paragraphs are incorporated into this count by reference.

18. The FDCPA states, in relevant part:

"A debt collector may not use any false, deceptive or misleading representation or means in connecting with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt." 15 U.S.C. 1692e.

19. PASI violated 15 U.S.C. § 1692e when they alleged the false, deceptive, or misleading representation in the collection notice that Debra Shinkle owed an outstanding debt to Porter

Hospital of five hundred sixty-five and 68/100 dollars ($565.68) for services rendered on August 27, 2019 when that amount was partially paid to Porter Hospitals on November 20, 2019.

20. As a result of this violation of the FDCPA, PASI is liable to Debra Shinkle for actual damages, statutory damages, costs, attorney fees and all other appropriate relief pursuant to 15 U.S.C. § 1692k.

Count II
Violation of the FDCPA with regards to the December 26, 2019 Collection Notice

21. All prior paragraphs are incorporated into this count by reference.

22. The FDCPA states, in relevant part:

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

23. Defendants violated 15 U.S.C § 1692f when they unfairly or unconscionably alleged in the collection notice that Debra Shinkle owed an outstanding debt to Porter Hospital of five hundred sixty-five and 68/100 dollars ($565.68) for services rendered on August 27, 2019, when that amount was partially paid to Porter Hospital on August 27, 2019.

24. As a result of this violation of the FDCPA, PASI is liable to Debra Shinkle for actual damages, statutory damages, costs, attorney fees and all other appropriate relief pursuant to 15 U.S.C. § 1692k.

Count III
Violations of the IDCSA with regards to the December 26, 2019 Collection Notice

25. All prior paragraphs are incorporated into this count by reference.

26. The IDCSA states, in relevant part:

"A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a

4

violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." Ind. Code § 24-5-0.5-3(a)

"Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts: ... (20) The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." Ind. Code § 24-5-0.5-3(b)(20).

27. PASI violated Ind. Code § 24-5-0.5-3(a) when they alleged the false, deceptive, or misleading representation in the collection notice that Debra Shinkle owed an outstanding debt to Porter Hospital of five hundred sixty-five and 68/100 dollars ($565.68) for services rendered on August 27, 2019 when that amount was partially paid to Porter Hospital on November 20, 2019.

28. PASI violated Ind. Code § 24-5-0.5-3(a) when they unfairly or unconsciously alleged in the collection notice that Debra Shinkle owed an outstanding debt to Porter Hospital of five hundred sixty-five and 68/100 dollars ($565.68) for services rendered on August 27, 2019, when that amount was partially paid to Porter Hospital on November 20, 2019.

29. As a result of these violations of the IDCSA, PASI is liable to Debra Shinkle in an amount to be determined at trial and all other appropriate relief pursuant to Ind. Code § 24-5-0.5-4.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment in their favor as follows:

A. Awarding Plaintiff actual damages, in amounts to be determined at trial, for each collector action in violation of the FDCPA as provided under 15 U.S.C. § 1692k(a)(1);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00 per collector action in violation of the FDCPA, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff damages, in an amount to be determined at trial, for each collector action in violation of the IDCSA, as provided under Ind. Code § 24-5-0.5-4;

D. Awarding Plaintiff the cost of this action and reasonable attorney's fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

Dated this 24th day of December, 2020.　　　　　　　　　Respectfully submitted,

　　/s/ Tramel R. Raggs　　
Tramel R. Raggs, #34355-45
Harris Law Firm, P.C.
11410 Broadway
Crown Point, IN 46307
(219) 661-1110 (phone)
(219) 661-1118 (fax)
traggs@harrislawfirmpc.net
*Counsel for Plaintiffs*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by a jury on all issues of fact.

　　/s/ Tramel R. Raggs　　
Tramel R. Raggs, #34355-45
Harris Law Firm, P.C.
11410 Broadway
Crown Point, IN 46307
(219) 661-1110 (phone)
(219) 661-1118 (fax)
traggs@harrislawfirmpc.net